**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTHONY SCOTT BERRINGER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>S. URIATE, et al.,<br><br>　　　　Defendants. | Case No.: 1:18-cv-01017-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS BE DENIED<br><br>[ECF No. 2] |

**I.**

**INTRODUCTION**

Plaintiff Anthony Scott Berringer is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing a complaint on July 27, 2018. (ECF No. 1.)

Currently before the Court is Plaintiff's motion for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a), filed on July 27, 2018. (ECF No. 2.)

**II.**

**LEGAL STANDARD**

The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011). Pursuant to

1

the PLRA, the in forma pauperis statue was amended to include section 1915(g), a non-merits related screening device which precludes prisoners with three or more "strikes" from proceeding in forma pauperis unless they are under imminent danger of serious physical injury. 28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1050 (9th Cir. 2007). The statute provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### III.

### DISCUSSION

Court records reflect that on three or more prior occasions, Plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for the failure to state a claim upon which relief may be granted. The Court takes judicial notice of the following cases: (1) Berringer v. Salinas Valley State Prison, et al., No. 06-cv-02839-CW (N.D. Cal. Nov. 1, 2006) (dismissed as duplicative and abusive) ; (2) Berringer v. California Dep't of Corrections, No. 07-cv-03353-CW (N.D. Cal. July 13, 2007) (dismissed as duplicative and abusive); (3) Berringer v. Salinas Valley State Prison, et al., No. 06-cv-00270-CW (N.D. Cal. Jan. 8, 2008) (dismissed for failing to state a claim upon which relief may be granted); (4) Berringer v. Meza, et al., No. 11-cv-1439-PJH (N.D. Cal. July 5, 2011) (duplicative).

The issue now becomes whether Plaintiff has met the imminent danger exception, which requires Plaintiff to show that he is under (1) imminent danger of (2) serious physical injury and which turns on the conditions he faced at the time he filed his complaint. Andrews, 493 F.3d at 1053-1056. Conditions which posed imminent danger to Plaintiff at some earlier time are immaterial, as are any subsequent conditions. Id. at 1053. While the inquiry is merely procedural rather than a merits-based review of the claims, the allegations of imminent danger must still be plausible. Id. at 1055.

Here, Plaintiff alleges that on October 8, 2017, his blood pressure rapidly dropped, and he was required to go to the emergency room for medical care. However, he was delayed in getting care for

about two hours due to defendants refusing to assist him. Later, they lied about what happened. Plaintiff also asserts that he was discriminated against due to his race and alleged mental illness. He suffered mentally and physically due to the delay in emergency medical care, and seeks monetary damages.

Although Plaintiff pleaded that he had an emergency health care incident, it occurred over three months before he filed his complaint, and he received care, although it was delayed. Now, he only seeks monetary damages for the delay in care. Allegations of such past events, where Plaintiff is no longer facing an imminent danger of serious physical injury, are not sufficient to meet the imminent danger exception. Andrews, 493 F.3d at 1053.

For these reasons, Plaintiff is ineligible to proceed in forma pauperis in this action, and the Court recommends that he should be required to pre-pay the $400 filing fee to proceed in this case.

## IV.

## RECOMMENDATION

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a Fresno District Judge to this action.

Further, for the reasons explained above, it is HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) be denied; and
2. Plaintiff be required to pay the $400.00 filing fee within thirty (30) days of service of the Court's order adopting these Findings and Recommendations.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

///

///

///

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 27, 2018**

UNITED STATES MAGISTRATE JUDGE